*JACOBS, SCHWALBE & PETRUZZELLI, P.C.*
*JEFFREY S. SIMONS, ESQUIRE*
Ten Melrose Avenue, Suite 340
Cherry Hill, NJ 08003
(856) 429-5661
*Attorneys for the Plaintiff, Kenneth Blake*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH BLAKE<br>5908 Hegerman Street<br>Philadelphia, PA 19135,<br><br>Plaintiff,<br><br>v.<br><br>FALLS TOWNSHIP<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>LT. WARD, Individually, and in his official capacity<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>DET. TOMCHO, Individually, and in his official capacity<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>DET. REEVES, Individually, and in his official capacity<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>P/O PARNES, Individually, and in his official capacity<br>188 Lincoln Highway<br>Fairless Hills, PA 19030<br><br>JOHN DOE Police Officers, 1-10, Individually, and in their official capacities,<br><br>Defendants. | CIVIL ACTION NO.<br><br>***COMPLAINT AND JURY DEMAND*** |

## COMPLAINT

Plaintiff, Kenneth Blake, by and through his counsel, Jacobs, Schwalbe & Petruzzelli, P.C., brings this suit for federal constitutional violations and/or federal statutory violations, and accompanying state law tort claims, as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §1331 and §1343. This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. §1983. This Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. §1367.

2. Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in Falls Township, PA, which is within the bounds of the Eastern District of Pennsylvania, and Defendants carry on business within the Eastern District.

## PARTIES

3. Plaintiff, Kenneth Blake, resides at 5908 Hegerman St., Philadelphia, PA 19135.

4. Defendant, Falls Township, (hereinafter "the Township") is a municipality in Bucks County, Pennsylvania located at 188 Lincoln Highway, Fairless Hills, PA 19030 which owns, operates, manages, directs, and/or controls the Falls Township Police Department, which employs all of the individual police officer defendants named as parties herein.

5. At all times relevant to this action, the Township acted through its employee police officers as listed below.

6. Defendant Lieutenant Ward was at all relevant times a Lieutenant and commanding officer with the Falls Township Police Department and with a business address of 188 Lincoln Highway, Fairless Hills, PA 19030.

7. Defendant Ward is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of Falls Township and the State of Pennsylvania.

8. Defendant Detective Tomcho was at all relevant times a Detective with the Falls Township Police Department and with a business address of 188 Lincoln Highway, Fairless Hills, PA 19030.

9. Defendant Tomcho is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of Falls Township and the State of Pennsylvania.

10. Defendant Detective Reeves was at all relevant times a Detective with the Falls Township Police Department and with a business address of 188 Lincoln Highway, Fairless Hills, PA 19030.

11. Defendant Reeves is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of Falls Township and the State of Pennsylvania.

12. Defendant Officer Parnes was at all relevant times an officer with the Falls Township Police Department and with a business address of 188 Lincoln Highway, Fairless Hills, PA 19030.

13. Defendant Parnes is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of Falls Township and the State of Pennsylvania.

14. Defendants, John Doe Police Officers 1-10, were at all relevant times police officers with the Falls Township Police Department. Their names are not currently known. All of the unknown John Doe police officers were white males. They were present and involved in official police activities which give rise to the within causes of action and were with the Falls Township Police Department at all times relevant to this action.

15. Defendants, Doe 1-10, are all sued in their individual and official capacities and at all times relevant hereto were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the Falls Township and the State of Pennsylvania.

## FACTS

16. On or about July 6, 2019, Plaintiff, Kenneth Blake, was lawfully at the Best Buy store in Falls Township, PA, with his cousin, and another male he did not know that his cousin had given a ride to in his cousin's car.

17. After leaving the store, his cousin called the Falls Township police to report that his car had been stolen.

18. The Falls Township police requested that his cousin come to the police station to make a report.

19. Plaintiff accompanied his cousin to the Falls Township Police Department.

20. Because he had no apparent involvement and was not giving a statement, Defendants told Plaintiff he could leave.

21. Plaintiff then left the Police Department, went to the store, and later returned to check on his cousin.

22. When he returned, Defendants advised him that he had committed unknown crimes involving theft and/or receipt of stolen of property, handcuffed him, and placed him in a holding cell.

23. While he was being transported through the hallways of the Falls Township Police Department and while in handcuffs, defendants assaulted and battered plaintiff without provocation or cause.

24. The incident occurred while Plaintiff was handcuffed and thus in a non-threatening and defenseless physical position, unarmed, and completely unable to pose any threat to others or defend himself.

25. Upon information and belief, this assault and battery was captured on the video camera system within the Falls Township Police Department.

26. As a result of the incident, plaintiff sustained serious and permanent physical and emotional injuries.

27. Despite being assaulted and battered by defendants while handcuffed and without cause, plaintiff was wrongfully and illegally charged with at least eight counts of aggravated assault on the defendants.

28. As a result of the charges, plaintiff was wrongfully and without legal justification incarcerated from July 6, 2017 through September 2017.

29. At his preliminary hearing, all of the charges against plaintiff including eight counts of aggravated assault were dismissed against plaintiff without further explanation.

30. Plaintiff did not commit any crimes on July 6, 2017.

31. There was no probable cause to arrest plaintiff for any crimes.

32. At no time during the incident did any of the defendants take any action to stop the assault or beating, or to take control of the situation.

33. As set forth more fully below, Defendants intentionally used excessive force against the Plaintiff, which was unreasonable, unjustifiable, and unconstitutional.

34. At all relevant times, Defendants knew or should have known that their actions were in violation of Plaintiff's Fourth Amendment Rights.

35. Defendants' actions, and their motivation for their actions, were conscience shocking, without conscious regard or due care for Plaintiff or the foreseeable consequences of their actions, and with such wanton and reckless disregard of the consequences as to show Defendants' deliberate indifference to the danger of harm and injury.

36. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and continues to suffer deprivation of his rights, fear, horror, loss of liberty, to his great detriment and loss.

37. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and was made to undergo physical pain and horrible mental anguish, all to his great detriment, financial detriment, and personal loss.

38. Plaintiff's serious injuries were a foreseeable and direct result of the actions and/or inactions of all Defendants.

39. Defendants violated Plaintiff's clearly established and well settled federal constitutional rights, including but not limited to his right to be free from the use of excessive, unreasonable and unjustified force and right to not be arrested without probable cause.

40. Furthermore, the Constitutional violations suffered by Plaintiff were the result of Falls Township's policies, procedures, customs, and/or practices of allowing its officers to use unreasonable and excessive force and/or arresting persons without probable cause thereby violating the civil rights of those with whom they come into contact.

41. The Township has maintained, with the deliberate indifference to the impact on citizens, an inadequate system of review of instances of misconduct, abuse of police powers or

violation of citizens' rights by police officer, which system has failed to identify instances of abuse of police powers or violations of citizens' rights by police officers, or to discipline, more closely supervise, or retrain officers who abuse their police powers or violate citizens' rights, including the police officers named as parties herein.

42. The Township was deliberately indifferent to the need for more or different training rules, regulations, investigations and discipline relating to police officers' use of excessive force and investigatory stops as set forth above.

43. The foregoing acts, omissions, systemic deficiencies, practices, customs and deliberate indifference constitutes the policies, practices and customs of the Township and have caused police officers of the Township, including the police officers named as parties herein, to violate the constitutional rights of citizens, including Plaintiff.

44. The rights, violations and injuries suffered by Plaintiff were a foreseeable result of the policies, practices, customs and deliberate indifference of the Township.

## COUNT I - FOURTH AMENDMENT EXCESSIVE FORCE
## PLAINTIFF VS. ALL DEFENDANTS

45. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

46. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiffs rights protected under the Fourth Amendment to be free from the use of excessive force were violated, and he suffered injury as a result.

47. Defendants subjected Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

48. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

49. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

50. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Kenneth Blake, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) compensatory damages in excess of $150,000;

ii) prejudgment interest, attorneys' fees, and costs;

iii) punitive damages against the individual defendants in their individual capacities; and,

iv) such other legal and equitable relief as the Court deems just and proper.

## COUNT II - FOURTH AMENDMENT FALSE ARREST
## PLAINTIFF VS. ALL DEFENDANTS

51. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

52. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiffs rights protected under the Fourth Amendment to be free from false arrest without probable cause, and he suffered injury as a result.

53. Defendants subjected Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

54. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

55. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

56. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S. C. § 1988.

WHEREFORE, Plaintiff, Kenneth Blake, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) compensatory damages in excess of $150,000;

ii) prejudgment interest, attorneys' fees, and costs;

iii) punitive damages against the individual defendants in their individual capacities; and,

iv) such other legal and equitable relief as the Court deems just and proper.

## COUNT III - MONELL CLAIM
## PLAINTIFF VS. FALLS TOWNSHIP

57. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

58. The decisions and actions of the officials of the Township as set forth herein represented and constituted the official policy and/or customs of the Township.

59. At the time of this incident, it was the policy, practice and/or custom of the Township and its police officers to use excessive force, arrest individuals without probable cause, and/or otherwise violate persons' fourth amendment rights.

60. In addition, the Constitutional violations suffered by Plaintiff were the result of the Township's failure to properly train and supervise its officers with regard to the proper methods for using force and/or making arrests.

61. Prior to the events described herein, the Township developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the Township, which policies are more particularly set forth in the preceding paragraphs incorporated herein, that caused the violation of Plaintiffs' rights.

62. As a direct and proximate result of the Township's policies, practices, customs, procedures, failure to train and supervise, which are more specifically described above, Plaintiff was injured as stated herein.

63. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the Township, as more fully described above, the Township violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth Amendment.

64. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Kenneth Blake, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) compensatory damages in excess of $150,000;

ii) prejudgment interest, attorneys' fees, and costs;

iii) punitive damages against the individual defendants in their individual capacities; and,

iv) such other legal and equitable relief as the Court deems just and proper.

## COUNT IV- ASSAULT AND BATTERY
## PLAINTIFF VS. ALL DEFENDANTS

65. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

66. Defendants placed Plaintiff in fear of imminent, unpermitted, offensive bodily contact and did, in fact, subject him to such bodily contact.

67. As a consequence of these actions, Plaintiff suffered bodily injury.

68. The acts of Defendants constituted the torts of assault and battery, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, Kenneth Blake, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) compensatory damages in excess of $150,000;

ii) prejudgment interest, attorneys' fees, and costs;

iii) punitive damages against the individual defendants in their individual capacities; and,

iv) such other legal and equitable relief as the Court deems just and proper.

## COUNT V – FALSE ARREST/FALSE IMPRISONMENT
## PLAINTIFF VS. ALL DEFENDANTS

69. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

70. Defendants intentionally, recklessly, willfully, and without legal justification, arrested Plaintiff without probable cause or other legal justification.

71. The acts of Defendants constitute the torts of false arrest and false imprisonment, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, Kenneth Blake, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) compensatory damages in excess of $150,000;

ii) prejudgment interest, attorneys' fees, and costs;

iii) punitive damages against the individual defendants in their individual capacities; and,

iv) such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

JACOBS, SCHWALBE & PETRUZZELLI, P.C.
Attorneys for Plaintiff, Kenneth Blake

By: _____
JEFFREY S. SIMONS, ESQUIRE

Dated: July 3, 2019